## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY,
378 N. Main Avenue
Tucson, AZ 85701,

      Plaintiff,

   v.

U.S. FISH AND WILDLIFE SERVICE,
1849 C Street, NW
Washington, DC 20240,

      Defendant.

Civil Action No.:  1:24-cv-04196

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Freedom of Information Act, 5 U.S.C. § 552

## <u>INTRODUCTION</u>

1.     On April 22, 2024, Plaintiff Center for Biological Diversity ("Center") submitted a request for records to Defendant U.S. Fish and Wildlife Service ("FWS") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In violation of FOIA, FWS has improperly withheld responsive records from the Center.

2.     The Center requested the records that FWS relied upon in deciding that the lake sturgeon (*Acipenser fulvescens*), an imperiled freshwater fish species, is not warranted for listing as an endangered or threatened species protected under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531–1544.

3.     Despite the Center's efforts to submit a reasonably specific and narrow request, in the over eighteen months since the Center submitted its request, FWS has failed to provide all responsive records to the Center in accordance with FOIA. Instead, FWS has produced only a small number of responsive records and has repeatedly missed deadlines for production.

4.    FWS is unlawfully withholding public records that the Center requested pursuant to FOIA by failing to conduct an adequate search for responsive records and by failing to provide the Center with all responsive records.

5.    Prompt access to these records is necessary to effectuate FOIA's purpose, and, thus, the Center seeks declaratory relief establishing that FWS has violated FOIA. The Center also seeks injunctive relief ordering FWS to conduct a lawful search for responsive records and to provide the Center with all responsive records without further delay.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

7.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8.    Declaratory relief is appropriate under 28 U.S.C. § 2201.

9.    Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

## PARTIES

10.    Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States that works to protect native wildlife species and their habitats. The Center has more than 93,000 members. The Center and its members are harmed by FWS's violations of FOIA because such violations preclude the Center from gaining a full understanding of FWS's decision to deny protecting the lake sturgeon by listing it as an endangered or threatened species under the ESA. Defendant's failure to comply

with FOIA harms the Center's ability to provide full, accurate, and current information to its members and the public on a matter of public interest. Absent this information, the Center cannot fully advance its mission to protect native wildlife species and their habitats.

11.    Defendant U.S. FISH AND WILDLIFE SERVICE is an agency within the U.S. Department of the Interior that is responsible for applying and implementing the federal laws and regulations at issue in this complaint. Under the ESA, 16 U.S.C. § 1533, FWS has delegated authority from the Secretary of the Interior to determine whether any species is endangered or threatened. Accordingly, FWS is in possession and control of the records that are responsive to the Center's FOIA request, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

## STATUTORY BACKGROUND

12.    FOIA's basic purpose is for government transparency. It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions. 5 U.S.C. § 552(b)(1)–(9).

13.    FOIA requires agencies of the federal government to promptly release requested records to the public unless one or more specific statutory exemptions applies. *Id.* § 552.

14.    FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

15.    Within 20 working days of receiving a request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i).

16.     Only in "unusual circumstances" may an agency extend the time to make a determination, by no more than 10 additional working days, but the agency must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i).

17.     If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request," and "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

18.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)–(D). Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be reasonable.

19.     FOIA requires federal agencies to promptly disclose the requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

20.     In certain limited instances, an agency may withhold records or portions of records pursuant to nine specific exemptions. *Id.* § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

21.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

22.     If the agency can demonstrate "exceptional circumstances" and that it is exercising due diligence in responding to the request, FOIA authorizes this Court to retain jurisdiction and allow the agency additional time to complete its review of the records. *Id.* § 552(a)(6)(C)(i). Exceptional circumstances cannot be a "delay that results from a predictable agency workload . . . unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." *Id.* § 552(a)(6)(C)(ii).

## FACTUAL BACKGROUND

23.     On April 22, 2024, the Center submitted to FWS a FOIA request for: "The decision file that FWS relied upon for its determination that the lake sturgeon (*Acipenser fulvescens*), Docket No. FWS-R3-ES-2024-0022, is not warranted for listing as endangered or threatened under the Endangered Species Act, 16 U.S.C. §§ 1531-1544 ("ESA")."

24.     FWS acknowledged its receipt of the request the same day it was sent and assigned the request FOIA tracking number DOI-FWS-2024-000456.

25.      In a letter dated April 25, 2024, FWS confirmed that it had received the Center's FOIA request and granted the Center's fee waiver request. FWS also informed the Center that the request fell into the "Complex" processing track and that FWS expected to dispatch a determination by July 23, 2024.

26.     On June 12, 2024, FWS provided the Center with a first interim response letter and released one 61-page document in full. The document that FWS provided to the Center was the lake sturgeon "species assessment form," which is a document that FWS typically makes publicly available on Regulations.gov with its ESA-listing decisions. In its June 12, 2024, letter, FWS informed the Center that it was "continuing to review additional records that are responsive to your request."

27.    On December 17, 2024, FWS provided the Center with a second interim response letter and released 380 pages of records, with 371 pages released in full and 9 pages partially redacted pursuant to FOIA exemption 6, 5 U.S.C. § 552(b)(6). This release was comprised of PDFs of a spreadsheet of reviewer comments on the draft Species Status Assessment ("SSA") for the lake sturgeon and a partial copy of the draft SSA. In the December 17, 2024 letter, FWS informed the Center that it was "continuing to search and review additional records" responsive to the Center's FOIA request and indicated that a final response would be forthcoming.

28.    In a spreadsheet dated February 4, 2025, that FWS provided to update the Center about the status of various FOIA responses, FWS stated that for the Center's request DOI-FWS-2024-000456 it was "[h]oping to have records [to] send another interim by Jan 31st."

29.    After receiving no further response from FWS, the Center emailed on March 28, 2025, to ask for an estimate for when the agency would produce another interim response. On March 31, 2025, FWS responded that the agency's subject matter expert had been "out of the office" but was "almost done" with reviewing the next batch of records for release.

30.    The Center emailed FWS on April 4, 2025, asking for a status update. FWS replied on April 8, 2025, to inform the Center that the agency's subject matter expert "has been out but should be back this week."

31.    After receiving no further response, the Center emailed FWS again on April 15, 2025, asking for a status update, and FWS responded the next day that the agency's subject matter expert "should have remaining records . . . by next week."

32.    On August 25, 2025, the Center again asked for a status update, and FWS responded that the agency's subject matter expert was "working through emails and documents at this time to get . . . more records."

33.     On September 3, 2025, the Center emailed FWS to ask for a status update, an estimate for the next release, how many records and/or releases remain, and for an estimated date of completion for the Center's FOIA request, and stated that this request is a high priority.

34.     Having heard nothing more from FWS, on September 11, 2025, the Center emailed FWS to ask for another status update.

35.     On September 22, 2025, FWS sent the Center a spreadsheet that included an update on the Center's request DOI-FWS-2024-000456, noting that the request is "27 in queue" and that the agency was "reaching out to region on any remaining records." FWS did not provide an estimated date of completion for the Center's FOIA request.

36.     On September 25, 2025, the Center sent FWS a letter informing the agency that it had violated FOIA's statutory timeframe for a response and noted that 106 working days had passed since FWS provided the last interim release of responsive records.

37.     A determination on the Center's request was due 20 working days after FWS's receipt of the request, or on May 20, 2024.

38.     FWS did not provide the Center with written notice setting forth unusual circumstances warranting an extension of time to provide a determination on the request.

39.     Upon information and belief, FWS has failed to conduct a lawful search that is reasonably calculated to locate all responsive records.

40.     FWS has not provided a determination to the Center describing the scope of the records it intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or (a)(6)(B).

41.    The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

42.    FWS has no lawful basis for its delay and has provided no lawful basis to withhold the records the Center requested in its April 22, 2024 FOIA request.

43.    The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF

### CLAIM ONE: VIOLATION OF THE FREEDOM OF INFORMATION ACT
*FWS Failed to Comply with FOIA's Mandatory Determination Deadline*

44.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

45.    The Center properly requested records within FWS's possession and control through the Center's April 22, 2025, FOIA request, DOI-FWS-2024-000456.

46.    The Center has a statutory right to a lawful final determination from FWS on the Center's FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

47.    FWS has violated the Center's rights in this regard by unlawfully delaying its determination beyond the deadline that FOIA mandates, which in this case was July 23, 2024. *Id.*

48.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FWS in the foreseeable future.

49.    The Center's organizational activities will be adversely affected if FWS continues to violate FOIA's disclosure provisions as it has in this case.

50.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS will continue to violate the Center's right to a timely determination under FOIA.

51.    The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## CLAIM TWO: VIOLATION OF THE FREEDOM OF INFORMATION ACT
### *FWS Failed to Conduct an Adequate Search for Responsive Records*

52.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

53.    The Center has a statutory right to have FWS process its FOIA requests in a manner that complies with FOIA. *Id.* § 552(a)(3).

54.    FWS violated the Center's rights in this regard by unlawfully failing to conduct an adequate search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request, DOI-FWS-2024-000456. *Id.*

55.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FWS in the foreseeable future.

56.    The Center's organizational activities will be adversely affected if FWS continues to violate FOIA's requirement to conduct an adequate search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request.

57.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS will continue to violate the Center's rights to receive public records under FOIA.

58.    The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## CLAIM THREE: VIOLATION OF THE FREEDOM OF INFORMATION ACT
### *FWS Improperly Withheld Agency Records by Failing to Disclose All Responsive Records*

59.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

60.     The Center has a statutory right to FWS's prompt disclosure of all requested records. 5 U.S.C. § 552(a)(3)(A).

61.     FWS has violated the Center's rights in this regard by improperly withholding records that are responsive to the Center's FOIA request, having provided no lawful basis to withhold records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records. *See id.* § 552(a)(8)(A), (b)(1)–(9).

62.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FWS in the foreseeable future.

63.     The Center's organizational activities will be adversely affected if FWS continues to violate FOIA's disclosure provisions as it has in this case.

64.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS will continue to violate the Center's rights to receive public records under FOIA.

65.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## **REQUEST FOR RELIEF**

The Center respectfully requests this Court to grant the following relief:

1.     Declare that FWS violated FOIA by failing to provide a lawful determination within 20 working days on the Center's April 22, 2024, FOIA request, failing to conduct a search that is reasonably calculated to locate all responsive records, and failing to promptly disclose all records that are responsive to the Center's FOIA request;

2.     Order FWS to immediately make a determination on the Center's April 22, 2024, FOIA request;

3.      Order FWS to search for all responsive records to the Center's April 22, 2024, FOIA request, using search methods that are reasonably calculated to locate all records responsive to the Center's FOIA request, with the cut-off date for such searches being the date the searches are conducted, and to provide the Center, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action;

4.      Retain jurisdiction of this action to ensure the processing of the Center's FOIA request and that no agency records or portions of the records are improperly withheld;

5.      Award the Center its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

6.      Grant such other and further relief as the Court may deem just and proper.

DATED: December 2, 2025

Respectfully submitted,

*/s/ Margaret E. Townsend*
Margaret E. Townsend (D.C. Bar No. OR0008)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6409
mtownsend@biologicaldiversity.org

*/s/ John T. Buse*
John T. Buse (D.C. Bar No. CA00169)
Center for Biological Diversity
2100 Franklin St., Suite 375
Oakland, CA 94612
(510) 844-7125
jbuse@biologicaldiversity.org

*Attorneys for Plaintiff*